**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4394

CARL DAVID BEAMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-95-118)

Submitted: June 17, 1997

Decided: July 29, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence J. Lewis, FLESHER & LEWIS, Huntington, West Virginia,
for Appellant. Rebecca A. Betts, United States Attorney, Paul A. Bil-
lups, Assistant United States Attorney, Huntington, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Carl David Beaman was charged with four counts of mail fraud, 18 U.S.C. §§ 1341, 2 (1994), and pled guilty to Count Two. He received a sentence of 27 months imprisonment. Beaman appeals the district court's denial of his motion to withdraw his guilty plea just before sentencing, and also contests his sentence on various grounds. We affirm.

Beaman's offense began with a genuine car accident. On February 14, 1993, while Beaman was riding in a car driven by his girlfriend, Deborah Sue Preece, an acquaintance rear-ended Preece's car at an intersection. Beaman and Preece got out to inspect the damage; Preece was furious. Beaman suggested that Ruth Bays, the other driver, should hit Preece's car a second time. His intent was to defraud the insurance company. Bays complied. Although no one was injured, Beaman, Preece, and the other driver rode to the hospital in an ambulance summoned by state police. Beaman filed a claim for personal injuries and lost wages and received $2900 from the United States Fire Insurance Company. Preece received $4,027.54 for personal injuries and property damage.

Beaman and Preece were charged with mail fraud. **1** Their first trial ended in a mistrial. During the second trial, Beaman entered into plea negotiations and tentatively agreed to plead guilty. Trial was recessed for several hours during the afternoon and then overnight to allow Beaman to consider a plea. The next morning, he entered a guilty plea to Count Two under a verbal plea agreement. At his guilty plea hearing, he admitted receiving payment for his fraudulent claim for his own non-existent injuries. The charges against Preece were dismissed under the terms of Beaman's agreement. The agreement was formally accepted by the district court at the sentencing hearing, after objections to the presentence report were resolved.

_____

**1** Three counts involved fraudulent claims to United States Fire Insurance Company. The fourth count involved the crash of a rented U-Haul truck in 1994 for which claims were made to Republic Claims Service Company.

2

A week before he was sentenced, Beaman moved to withdraw his guilty plea, arguing principally that his plea was not knowing and voluntary because the relevant conduct provisions of the federal sentencing guidelines had not been explained to him. The district court denied the motion. On appeal, Beaman argues that the district court abused its discretion in denying his motion because he believed he was pleading guilty to a single fraudulent act involving $2900 and did not realize that he would be held accountable for the money received by Preece.

Under Fed. R. Crim. P. 32(e), a defendant has the burden of showing a "fair and just reason" to justify withdrawal of his guilty plea even when acceptance of his plea agreement has been deferred, as in this case. See United States v. Hyde, #6D 6D6D# U.S. ___, 1997 WL 273691 (U.S. May 27, 1997) (No. 96-667). We have considered the record of the Fed. R. Crim. P. 11 hearing and the factors set out in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), and find that the district court did not abuse its discretion in finding that Beaman failed to show a "fair and just reason" for withdrawal of his plea. Beaman was aware when he entered his plea that he faced a maximum penalty of five years imprisonment. The court was not required to tell him what the actual guideline range would be before accepting his plea. See United States v. DeFusco, 949 F.2d 114, 118-19 (4th Cir. 1991).

With respect to Beaman's sentencing, we review the factual issues he raises for clear error and the legal issues de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Beaman contested the probation officer's recommendation that a 2-level adjustment be made for obstruction of justice under USSG § 3C1.1.[2] Beaman's son, Lance Beaman, told the probation officer that his father had contacted him the night before the guilty plea and asked him to help get another mistrial declared. Lance Beaman was instructed to tell his cousin, who was scheduled to testify for the defense, to bring out Beaman's prior criminal history during his testimony. If the cousin was unsuccessful, Beaman's son was to do it himself. Beaman disputed the occurrence of the conversation, but did not testify. He also questioned whether such information, coming from a defense witness, would

_____

[2] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

3

have constituted obstruction of justice. The district court found that Beaman willfully attempted to obstruct justice by trying to arrange for testimony that he thought would produce a mistrial. An attempt is sufficient to justify the adjustment. See USSG§ 3C1.1, comment. (n.3(a)). The district court did not clearly err in making the factual determination that Beaman had in fact contacted his son and attempted to influence the testimony of a witness.

The court also found that Beaman's fraudulent claim was not merely opportune but involved more than minimal planning and thus warranted an additional 2-level enhancement. USSG § 2F1.1(b)(2)(A). We agree. As the court found, Beaman did more than take advantage of an opportunity presented to him. He created the opportunity by staging a more serious accident than the one which occurred and seeking unnecessary treatment before submitting his fraudulent claim.

Beaman resisted the probation officer's recommendation that the amount of loss include Preece's claim for $4,027.54, arguing that he took no part in the submission of her claims. The district court found that Preece's claim was reasonably foreseeable to Beaman and was part of a jointly undertaken criminal activity, and thus was properly treated as relevant conduct in his case. USSG § 1B1.3(a)(2)(B). The inclusion of Preece's claim increased Beaman's offense level by two levels. On appeal, Beaman argues that he did not plead guilty to a jointly undertaken criminal activity. However, the guideline applies to any "criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy." Id. Beaman also maintains that the scope of his agreement was limited to the $2900 he obtained, but under Application Note 2 to USSG § 1B1.3 the district court may consider any implicit agreement fairly inferred from the conduct of the defendant and the others involved. Here, the district court did not clearly err in finding that Preece's claim was within the scope of Beaman's agreement.

Finally, Beaman contests three criminal history points which he received for a 1981 sentence for obstruction of justice. While awaiting trial on bank robbery charges, Beaman attempted to influence the testimony of a witness. He was subsequently sentenced to a five-year term consecutive to the sentences previously imposed for two sepa-

4

rate bank robberies. At the sentencing for his current offenses, he argued that the prior robbery and obstruction of justice offenses were related and should have been counted as one, <u>see</u> USSG § 4A1.2, comment. (n.3), because the obstruction of justice arose out of the bank robbery. The district court correctly determined that the two offenses could not be related because Beaman had been arrested for the bank robbery before he committed the obstruction. Offenses separated by an intervening arrest are never considered related. <u>Id.</u> We find that the district court properly applied the guideline.

The conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5